**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Eslyn Adrian Villa-Inzunza,<br><br>Petitioner,<br><br>v.<br><br>Charles L Ryan, et al.,<br><br>Respondents. | No. CV-17-00740-PHX-DWL<br><br>**ORDER** |

On March 9, 2017, Petitioner filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254 ("the Petition"). (Doc. 1.) On February 23, 2018, Petitioner (now represented by counsel) filed a supplemental memorandum in support of the Petition. (Doc. 23.) On July 31, 2018, Magistrate Judge Fine issued a 35-page Report and Recommendation ("R&R") concluding the Petition should be denied and dismissed with prejudice. (Doc. 30.) Afterward, Petitioner filed objections to the R&R (Doc. 42), and Respondents filed a response (Doc. 46).

As explained below, the Court will deny Petitioner's objections.

I.  Background

In September 2012, a friend of Petitioner sold methamphetamine to an undercover officer. *State v. Villa*, 335 P.3d 1142, 1144 (Ariz. Ct. App. 2014). Petitioner drove his friend to the meeting but maintained "that he did not know the vehicle contained drugs or that his friend was involved in a drug deal." *Id.* at 1148.

In May 2013, Petitioner went to trial in Pinal County Superior Court on the charges

of (1) transportation of a dangerous drug for sale and (2) conspiracy to transport a dangerous drug for sale. (Doc. 30 at 2.) This trial resulted in a hung jury. (*Id.*)

In August 2013, the retrial occurred. (*Id.*) At the close of evidence, the trial judge instructed the jury on both of the original charges plus the lesser-included offense of possession of a dangerous drug. (*Id.*) During deliberations, the jury asked a question about those charges. (*Id.* at 3.) At the request of the prosecution (and over Petitioner's objection), the trial judge responded in part by instructing the jury on a different lesser-included offense: the crime of possession of a dangerous drug for sale. (*Id.*) When doing so, the trial court told the jury it had simply "neglected" to include this crime in its original charge. (*Id.*) The trial judge also offered the parties an opportunity to reopen the case for further closing argument (in order to address the new charge), but Petitioner's counsel declined this offer. (*Id.* at 5-6.) The jury ultimately voted to convict on one of the original charges (conspiracy to transport a dangerous drug for sale) and on the new lesser-included charge (possession of a dangerous drug for sale). (*Id.* at 3.) Although the former charge resulted in a sentence of only 5 years' imprisonment, the latter charge resulted in a sentence of 12 years' imprisonment, which were ordered to run concurrently. (*Id.*)

Petitioner appealed his conviction to the Arizona Court of Appeals. His direct appeal raised two issues: (1) whether the trial court abused its discretion by instructing the jury on the new lesser-included charge after deliberations began, and (2) whether the trial court violated Petitioner's right to due process by introducing this new charge without giving his counsel an opportunity to offer further closing argument. (*Id.* at 3-4.)

In October 2014, the Court of Appeals affirmed. *Villa*, 335 P.3d at 1142. The Arizona Supreme Court later summarily denied Petitioner's *pro se* petition for review. (Doc. 30 at 6.)

In December 2015, after Petitioner's court-appointed counsel had filed a notice averring she was unable to locate any colorable PCR claims, Petitioner filed a *pro se* PCR petition with the Pinal County Superior Court. (*Id.* at 6.) It raised the following six claims for relief: (1) during the first trial, Petitioner's constitutional right to a fair trial was violated

when the prosecutor knowingly and intentionally engaged in "egregious conduct" contributing to the jury's inability to reach a verdict, and that he was exposed to double jeopardy by being re-tried; (2) during the second trial, Petitioner's constitutional rights under the 5th, 6th, and 14th Amendments were violated when the trial court instructed the jury on the lesser-included offense during deliberation; (3) Petitioner's sentence was improperly aggravated using offenses that were elements of the charges on which he had been convicted; (4) ineffective assistance of counsel ("IAC") by his trial, appellate, and PCR counsel in violation of the 6th and 14th Amendments; (5) violation of Petitioner's rights to due process and a fair trial pursuant to the 6th and 14th Amendments when, at the second trial, the court ruled that Petitioner's testimony at his first trial could be admitted, even though Petitioner was present at the second trial; and (6) Petitioner's rights to equal protection and access to the courts pursuant to the 14th Amendment were violated when he was unable to obtain documents related to his trials, and the superior court did not respond to a motion requesting permission for him to file a pro per PCR petition. (*Id.* at 6-7.)

In March 2016, the superior court denied the petition without discussion. (*Id.* at 7.)

In August 2016, the Arizona Court of Appeals affirmed. *State v. Villa*, 2016 WL 4570433 (Ariz. Ct. App. 2016).

In March 2017, Petitioner filed the Petition. (Doc. 1.) It asserts the following seven grounds for relief:

> Ground One. The trial court erred when it instructed the jury on a new, lesser-included charge during deliberations.
>
> Ground Two. The trial court violated Petitioner's rights under the Fifth, Sixth, and Fourteenth Amendments when it amended his indictment.
>
> Ground Three. Petitioner's protections against double jeopardy under the Sixth and Fourteenth Amendments were violated when the trial court ruled his first trial a mistrial and he was ordered re-tried.
>
> Ground Four. Petitioner's rights to due process and equal protection were violated

when his sentence was aggravated and both aggravating factors were elements of the charged offenses.

Ground Five. Petitioner's due process rights were violated when the trial court improperly admitted his testimony at his first trial into evidence at his second trial.

Ground Six. Petitioner's trial, appellate, and PCR counsel provided ineffective assistance on a variety of issues.

Ground Seven. Petitioner's equal protection rights were violated in light of several alleged actions taken by the superior court and the clerk of the superior court.

(Doc. 30 at 14-15.)

The R&R was issued in July 2018. (Doc. 30.) It concludes Petitioner's first claim is procedurally defaulted because, although Petitioner asserted a challenge to the mid-deliberation jury instruction in his direct appeal to the Arizona Court of Appeals, that challenge was based only on state law. (*Id.* at 15-17.) As for the second claim, the R&R concludes it is procedurally defaulted because Petitioner didn't raise it in his direct appeal to the Arizona Court of Appeals. (*Id.* at 17.) As for the third claim, the R&R concludes (1) it is procedurally defaulted because Petitioner raised it for the first time during his PCR action and the state court found it was defaulted because it could have been raised in his direct appeal and (2) the procedural default can't be excused under the "actual innocence" doctrine because that doctrine likely isn't available outside the capital habeas context and Petitioner hasn't, in any event, attempted to present any new evidence establishing his innocence (which is a prerequisite for the doctrine to apply). (*Id.* at 17-21.) As for the fourth and fifth claims, the R&R concludes they fail for the same reasons—they weren't presented during Petitioner's direct appeal, they were rejected by the Arizona Court of Appeals during the PCR proceedings based on Arizona's procedural default rules (and some sub-claims weren't even presented in the initial PCR petition), and they can't be resuscitated under the "actual innocence" doctrine. (*Id.* at 18-21.) As for the sixth claim, the R&R addresses, in detail, why Petitioner's various theories of ineffective assistance are unavailing. (*Id.* at 21-30.) Finally, as for the seventh claim, the R&R concludes that it

fails to the extent it asserts claims of constitutional error during the PCR proceedings (*id.* at 30-31), that Petitioner didn't present most of his federal constitutional challenges to the trial judge's conduct during his direct appeal (*id.* at 31), and that Petitioner's Equal Protection claim fails on the merits because he doesn't argue that the state courts' resolution of the issue was contrary to clearly-established federal law or an improper application of such law (*id.* at 31-32).

II.  Legal Standard

A party may file specific, written objections to an R&R within fourteen days of being served with a copy of it. Rules Governing Section 2254 Cases 8(b) ("Section 2254 Rules"); *see also* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C). The Court must undertake a *de novo* review of those portions of the R&R to which specific objections are made. *See, e.g., Thomas v. Arn*, 474 U.S. 140, 149-50 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1221 (9th Cir. 2003) ("[T]he district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise."). The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. Section 2254 Rules 8(b); *see also* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(C).

III.  The Parties' Arguments

Petitioner makes five arguments in his objections to the R&R: (1) he "objects to the facts" set forth in the R&R "[t]o the extent [they] are contrary to the facts as detailed in [Petitioner's] pleadings" (Doc. 42 at 2); (2) he "exhausted all of his claims in his appellate briefing in the Arizona Court of Appeals on direct appeal and/or in his post-conviction relief proceedings" (*id.* at 3); (3) to the extent he failed to exhaust any claims, the R&R should have excused each default under the "actual innocence" doctrine (*id.* at 3-5); (4) although he "is not raising a newly discovered evidence claim," he isn't required to identify any newly-discovered evidence in order to invoke the "actual innocence" doctrine (*id.* at

5); and (5) he's entitled to an evidentiary hearing on his claims (*id.* at 5-6).

In their response, Respondents argue (1) Petitioner's factual objections are too generic to satisfy Rule 72(b)—he doesn't identify, with specificity, any factual statements that are inaccurate—and the objections fail on the merits because the R&R merely derived the underlying facts from the state-court appellate decisions (Doc. 46 at 1-2); (2) the R&R properly concluded that a habeas petitioner must identify "new and exculpatory" evidence in order to show actual innocence (*id.* at 2-3), and (3) Petitioner isn't entitled to an evidentiary hearing because he didn't diligently pursue the factual development of the claims that weren't addressed in state court and *Cullen v. Pinholster*, 563 U.S. 170 (2011), precludes an evidentiary hearing to develop claims that were addressed in state court (*id.* at 3-4).

IV.     Analysis

The Court will overrule Petitioner's objections. Most of Petitioner's objections are too general to effectively direct the Court's review. *Martin v. Ryan*, 2014 WL 5432133, *2 (D. Ariz. 2014) ("Although the Ninth Circuit has not yet ruled on the matter, other circuits and district courts within the Ninth Circuit have held when a petitioner raises a general objection to an R&R, rather than specific objections, the Court is relieved of any obligation to review it."); *Haley v. Stewart*, 2006 WL 1980649, *2 (D. Ariz. 2006) ("Congress created the position of magistrate judges to assist district courts in discharging the heavy workload of the federal judiciary. . . . This efficiency would be lost if parties were permitted to invoke the de novo review of the district court merely by interposing general, non-specific objections to the magistrate's R & R."). For example, although Petitioner contends the R&R is factually inaccurate, he doesn't attempt to identify any particular assertions in the 35-page document that are flawed. Similarly, although Petitioner contends he exhausted all of his theories during the state-court proceedings, he doesn't offer any reasoning in support of this *ipse dixit*. Furthermore, although Petitioner purports to identify some evidence in the record that support his position—he includes a citation to "Doc. # 1, Exhibits 1-19"—the cited materials are simply the 220 pages of

supporting documentation that Petitioner attached to his original habeas petition. This is the antithesis of "*specific* written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2) (emphasis added); *see also Velez-Padro v. Thermo King de Puerto Rico, Inc.*, 465 F.3d 31, 32 (1st Cir. 2006) ("Conclusory objections that do not direct the reviewing court to the issues in controversy do not comply with Rule 72(b).").

The only objection that Petitioner raises with sufficient clarity is his argument that a habeas petitioner isn't required to identify new evidence in order to invoke the "actual innocence" doctrine. This argument lacks merit. Petitioner cites *Schlup v. Delo*, 513 U.S. 298, 327 (1995), for the proposition that an actual innocence claim may be pursued in the absence of newly-discovered evidence. In fact, *Schlup* says the opposite. *Id.* ("To establish the requisite probability, the petitioner must show that it is more likely than not that no reasonable juror would have convicted him *in the light of the new evidence*.") (emphasis added). *See also McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013) ("We caution . . . that tenable actual-innocence gateway pleas are rare: "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, *in light of the new evidence*, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'") (citing *Schlup*, 513 U.S. at 329) (emphasis added); *Lewis v. Lewis*, 2003 WL 27384287, *4 (C.D. Cal. 2003) ("[T]he evidence must be 'new.'") (citations omitted).

Accordingly, **IT IS ORDERED** that:

(1) The R&R's recommended disposition (Doc. 30) is accepted;

(2) The Petition (Doc. 1) is denied and dismissed with prejudice;

(3) A Certificate of Appealability and leave to proceed in forma pauperis on appeal are denied because the dismissal of the Petition is justified by a plain procedural bar and reasonable jurists would not find the ruling debatable, and because Petitioner has not made a substantial showing of the denial of a federal constitutional right, and because jurists of reason would not find the Court's assessment of Petitioner's constitutional claims

debatable or wrong; and

      (4)    The Clerk shall enter judgment accordingly and terminate this action.

Dated this 26th day of February, 2019.

Dominic W. Lanza
United States District Judge